UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

SERENA CHAPPELL,

      Plaintiff,

v.

MBJY, INC., a Florida for-profit corporation d/b/a
FOGHORNS, and BILLY E. YORK, Jr., an individual,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, SERENA CHAPPELL, ("CHAPPELL"), by and through her undersigned attorney, files this, her Complaint for Damages against MBJY, INC., a Florida for-profit corporation d/b/a FOGHORNS, (hereinafter "FOGHORNS"), and BILLY E. YORK, Jr., an individual, (hereinafter, "YORK"), and states as follows:

## INTRODUCTION

1.   This is an action to recover overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants, FOGHORNS was an enterprise engaged in interstate commerce. Moreover, the Plaintiff is individually covered under the FLSA due to her processing credit card transactions that regularly and customarily used instrumentalities of interstate commerce.

3. Defendants, FOGHORNS and YORK owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Defendants, FOGHORNS and YORK operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida; and,

    b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, CHAPPELL, was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, Defendants, FOGHORNS and YORK were the employers of Plaintiff within the meaning of the FLSA.

11. At all times material hereto, the corporate Defendant, FOGHORNS, was and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff, CHAPPELL was directly essential to the business performed by the Defendants.

13. Plaintiff, CHAPPELL has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. From on or about October 17, 2016, Plaintiff, CHAPPELL was hired as a bartender at the Defendants' restaurant

15. Plaintiff, CHAPPELL's employment terminated on about January 8, 2017.

16. Plaintiff, CHAPPELL received no hourly wages for her work for the Defendants.

17. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

18. Defendant, YORK was a supervisor and or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

19. Defendant, YORK was involved in decisions affecting employee compensation and/or hours worked by Plaintiff, CHAPPELL.

20. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21. Plaintiff repeats and realleges Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

23. During Plaintiff's employment, the Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

24. Plaintiff was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

26. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

27. Due to the unlawful acts of the Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

28. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a.  Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b.  Awarding Plaintiff overtime compensation in the amount calculated;

c.  Awarding Plaintiff liquidated damages in the amount calculated;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiff post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

29. Plaintiff realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

30. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

31. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

32. Plaintiff worked hours for the Defendants for which she received no hourly wages

33. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

34. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.  judgment in her favor for all unpaid minimum wages due or payable;

b.  liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

35. Plaintiff, CHAPPELL realleges Paragraphs 1 through 20 as if fully stated herein.

36. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay CHAPPELL at least the applicable Florida minimum wage.

37. Plaintiff, CHAPPELL received no hourly wages.

38. During Plaintiff, CHAPPELL's employment, Defendants willfully and maliciously paid her less than the statutory minimum wage for all of her work hours.

39. WHEREFORE, Plaintiff, CHAPPELL, respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

g. declaratory relief pursuant to the Florida Constitution finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h.	Requiring Defendants to pay $1,000.00 to the State of Florida for each violation;

i.	Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  January 24, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida  33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248